IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RONALD KEITH WILLIAMS                                                                      PLAINTIFF

v.                                         Civil No. 2:21-CV-02043

JAIL ADMINISTRATOR JIMMY                                                                 DEFENDANTS
DORNEY, *et. al.*

**OPINION AND ORDER**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

**I. BACKGROUND**

Plaintiff filed his Complaint on February 16, 2021. (ECF No. 1). In the Order granting him *in forma pauperis* status, Plaintiff was advised that he must immediately inform the Court of any address change, and failure to do so would result in the dismissal of his case. (ECF No. 3). Plaintiff filed an Amended Complaint on March 4, 2021. (ECF No. 6).

On April 26, 2021, Defendants filed a Notice indicating that mail sent to Plaintiff in the Franklin County Jail had been returned as undeliverable, indicating that Plaintiff had been transferred to the Arkansas Department of Correction ("ADC") on April 9, 2021. They state Plaintiff had not yet provided an updated address. (ECF No. 13). On March 5, 2021, the Court entered an Order to Show Cause directing Plaintiff to show cause for his failure to inform the Court of his address change. Plaintiff was directed to file his Response by May 26, 2021. (ECF No. 14). In this Order, Plaintiff was advised that failure to respond by the deadline would result in the dismissal of his case. (*Id*.). Plaintiff filed a Notice of Address change on June 14, 2021. (ECF No. 16). Although the Response was filed well-past the deadline, the Court accepted the Notice

1

and permitted the case to proceed. Plaintiff filed another address change on June 28, 2021, indicating his address was the ADC Varner Unit. (ECF No. 17).

On September 2, 2021, Defendants filed their Motion for Summary Judgment. (ECF No. 20). Also on that date, the parties' consents to the jurisdiction by a United States Magistrate Judge to conduct all further proceedings were filed and the matter was referred to the undersigned. (ECF No. 21). On September 21, 2021, Defendants filed a Notice indicating that mail sent to Plaintiff at the ADC Varner Unit had been returned as undeliverable. (ECF No. 24). The label on the envelope indicated there was no forwarding address. (*Id*. at 3). On October 25, 2021, the Court entered an Order directing Plaintiff to provide an updated address to the Court by November 8, 2021. (ECF No. 25). This Order was sent to the ADC Varner Unit and was returned as undeliverable on November 1, 2021. (ECF No. 26). The label on the envelope indicated there was no forwarding address. (*Id*.).

To date, Plaintiff has not informed the Court of his current address and has not otherwise communicated with the Court.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 2nd day of November 2021.

Judgment will be entered accordingly.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE